

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-16-2005

# In Re: Joubert

Precedential or Non-Precedential: Precedential

Docket No. 04-1373

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"In Re: Joubert " (2005). *2005 Decisions.* Paper 917.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/917

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

Case No: 04-1373


IN RE: MARIANNE JOUBERT


MARIANNE JOUBERT,

Appellant

v.

ABN AMRO MORTGAGE GROUP, INC.
f/k/a ATLANTIC MORTGAGE AND
INVESTMENT CORPORATION

―――――――――――――

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
District Court No.: 03-CV-4290
District Judge: The Honorable Herbert J. Hutton

―――――――――――――

Argued on January 20, 2005

Before: ALITO, McKEE, and SMITH, *Circuit Judges*

(Filed: June 16, 2005)

Stuart A. Eisenberg, Esquire [Argued]
McCullough & Eisenberg
530 West Street Road
Suite 201
Warminster, PA. 18974
        *Counsel for Appellant*


Daniel S. Bernheim, 3rd, Esquire
Jonathan J. Bart, Esquire [Argued]
Silverman, Bernheim & Vogel
Two Penn Center Plaza
Suite 910
Philadelphia, PA 19102
        *Counsel for Appellee*

---

OPINION OF THE COURT

---

SMITH, *Circuit Judge*.

Marianne Joubert, a discharged debtor in bankruptcy, initiated this putative class action in the District Court seeking damages and injunctive relief to combat what she contends is a widespread practice by mortgagees of assessing, without notice to mortgagors, post-petition, pre-confirmation attorney fees.

According to Joubert, this practice violates 11 U.S.C. § 506(b)'s command that the bankruptcy court first adjudge such fees "reasonable." Though Joubert concedes that § 506(b) does not in itself afford her a private cause of action, she asserts that a private remedy may be implied under 11 U.S.C. § 105(a) to redress the § 506(b) violation. The District Court rejected that assertion, granted ABN AMRO Mortgage Company's Rule 12(b)(6) motion to dismiss, and declined to exercise supplemental jurisdiction over Joubert's state law claims. For the reasons set forth below, the judgment of the District Court will be affirmed.[1]

## I. Background and Facts

According to Joubert's amended complaint, in January 1996 she entered into a residential mortgage with ABN AMRO Mortgage Company's (ABN) predecessor-in-interest. In September 1999, Joubert filed a Chapter 13 petition with the United States Bankruptcy Court for the Eastern District of Pennsylvania. ABN's amended proof of claim in that action included pre-petition attorney fees related to its earlier foreclosure action, but it did not include post-petition attorney

---

[1] Because Joubert's complaint requires a determination of the scope of a statutory provision within the Bankruptcy Code, the District Court had jurisdiction pursuant to 28 U.S.C. §§ 1331, 1334. We exercise appellate jurisdiction pursuant to 28 U.S.C. § 1291.

fees related to its preparation of proofs of claim. Joubert's Chapter 13 plan, which provided for ABN's claim to be paid in full, was confirmed on May 2, 2000. Joubert met her payment obligations to ABN in accordance with the plan.

In September 2002, Joubert refinanced her mortgage with another lender. ABN's notice advising Joubert of the amount due on her mortgage with ABN included a $500 charge denominated "corporate advance balance." Joubert paid and did not challenge the $500 charge at her refinancing settlement. Joubert made her final payment to the Chapter 13 trustee as part of the settlement, and, following the trustee's final report and accounting, an order discharging Joubert was entered on February 28, 2003.

Five months after her discharge, Joubert initiated this purported class action in the District Court for the Eastern District of Pennsylvania. Joubert alleged that the $500 "corporate advance balance" ABN charged Joubert when she refinanced represented ABN's post-petition, pre-confirmation attorney fees. According to Joubert, the collection of this sum, which ABN had not included in its proofs of claim prior to confirmation, violated 11 U.S.C. §§ 506(b) and 1132(e). Joubert asserted that she was entitled to seek redress, for herself and on behalf of the purported class, for this "Violation of Title 11" in a lawsuit brought in the District Court "through the injunctive powers of 11 U.S.C. § 105."

4

The District Court granted ABN's Rule 12(b)(6) motion to dismiss, and refused to exercise supplemental jurisdiction over Joubert's state law claims. In doing so, the District Court adopted the rationale of earlier decisions in the District which held that §§ 506(b) and 105(a) do not afford a private right of action to redress a violation of § 506(b) of the Bankruptcy Code. D. Ct. Order, at 1 n.2 (*citing Henthorn v. GMAC Mortgage Corp.*, 299 B.R. 351 (E.D. Pa. 2003); *Willis v. Chase Manhattan Mortgage Corp*, 2001 WL 1079547 (E.D. Pa. 2001)).

## II. Analysis

As we exercise plenary review over the grant of a motion to dismiss, "we accept as true all allegations in the complaint, giving the Plaintiff the benefit of every favorable inference that can be drawn from the allegations." *Board of Trustees of Teamsters Local 863 Pension Fund v. Foodtown, Inc.*, 296 F.3d 164, 168 (3d Cir. 2002).

Section 506(b) allows oversecured creditors to add reasonable post-petition, pre-confirmation attorney fees, interest, and costs to the amount of their secured claim.[2] Joubert

---

[2] Section 506(b) provides:

> To the extent that an allowed secured claim is secured by property the value of which, after any recovery

5

acknowledges that the mortgage agreements common to the purported class provide for attorney fees under these circumstances, but she contends that ABN failed to give mortgagors written notice of the fees as required by the agreements, thus depriving the class of bankruptcy court oversight of the fees' reasonableness. Joubert concedes that § 506(b) does not in itself afford a private right of action. Rather, she asks us to imply such a remedy derivatively through § 105(a), which authorizes federal courts to "issue any order, process or judgment that is necessary or appropriate to carry out the provisions" of the Bankruptcy Code.

Joubert is correct that this case presents a matter of first impression in the federal courts of appeals, but the novelty is only a matter of timing, not principle. Typically, challenges to creditor collection efforts occur post-discharge, and thus arise under 11 U.S.C. § 524, which governs the effect of bankruptcy discharges. Indeed, Joubert alleges that for most of the putative

---

under subsection (c) of this section, is greater than the amount of such claim, there shall be allowed to the holder of such claim, interest on such claim, and any reasonable fees, costs, or charges provided for under the agreement under which such claim arose.

11 U.S.C. § 506(b) (2005).

6

class, ABN waited until the debtor's discharge or other exit from bankruptcy before attempting to collect the attorney fees.

In her case, if not that of most members of the would-be class, however, Joubert alleges that the contested attorney fees were first disclosed in the interim between confirmation and discharge. Therefore, Joubert could not challenge the reasonableness of the $500 charge before the bankruptcy court at the time of the Chapter 13 plan confirmation, nor was there a discharge in place to violate when she first learned of the charge, so § 524 was not implicated. Although we sympathize with the dilemma suggested by the facts Joubert alleges, we consider the analogous § 524 case law applicable to her § 506(b)-based claim, and hold that § 105(a) does not afford a private cause of action to redress an alleged 506(b) violation. Joubert's lone remedy is a contempt proceeding pursuant to § 105(a) in bankruptcy court.

In *In re Continental Airlines*, 203 F.3d 203 (3d Cir. 2000), we observed that § 105(a) "supplements courts' specifically enumerated bankruptcy powers by authorizing orders necessary or appropriate to carry out provisions of the Bankruptcy Code." *Id.* at 211. We cautioned that § 105(a) "has a limited scope. It does not 'create substantive rights that would otherwise be unavailable under the Bankruptcy Code.'" *Id.* (quoting *United States v. Pepperman*, 976 F.2d 123, 131 (3d Cir. 1992)). This instruction was consistent with our earlier observation in *In re Morristown & Erie Railroad Co.*, 885 F.2d

7

98 (3d Cir. 1990), that § 105(a)

> authorize[s] the bankruptcy court, or the district court sitting in bankruptcy, to fashion such orders as are required to further the substantive provisions of the Code. Section 105(a) gives the court general equitable powers, but only insofar as those powers are applied in a manner consistent with the Code. Nor does section 105(a) give the court the power to create substantive rights that would otherwise be unavailable under the Code.

*Id.* at 100 (citations omitted).

*Morristown* reveals this Court's considered view that § 105(a) is a powerful, versatile tool, but that it operates only within the context of bankruptcy proceedings. Section 105(a) empowers bankruptcy courts and district courts sitting in bankruptcy to fashion orders in furtherance of Bankruptcy Code provisions. To add private causes of action to § 105(a)'s arsenal of remedies, we would have to conclude that such was the intent of Congress. *Alexander v. Sandoval*, 532 U.S. 275 (2001):

> Like substantive federal law itself,

private rights of action to enforce federal law must be created by Congress. The judicial task is to interpret the statute Congress has passed to determine whether it displays an intent to create not just a private right but also a private remedy. Statutory intent on this latter point is determinative. Without it, a cause of action does not exist and courts may not create one, no matter how desirable that might be as a policy matter, or how compatible with the statute.

*Id.* at 286 (citations omitted).

Under § 524(a)(2), a discharge operates as an injunction against a broad array of creditor efforts to collect debts as personal liabilities of the discharged debtor. This Court has not addressed whether § 524 implies a private right of action, either alone or through § 105(a), but the weight of circuit authority is that it does not. *See Pertuso v. Ford Motor Credit Co.*, 233 F.3d 417, 421-23 (6th Cir. 2000) (analyzing the legislative history of § 524, contrasting § 524 with Congress's choice in § 362(h) to create private causes of action for violations of bankruptcy stays, and concluding § 524 does not impliedly create a private right of action); *Walls v. Wells Fargo Bank, N.A.*, 276 F.3d 502, 507-10 (9th Cir. 2002) (tracking and adopting *Pertuso's* analysis);

*Cox v. Zale Delaware, Inc.*, 239 F.3d 910, 917 (7th Cir. 2001) (agreeing with the result in *Pertuso* and concluding that a contempt action in the bankruptcy court that issued the discharge is the only relief available to remedy alleged § 524 violations); *see also Bessette v. AVCO Fin. Servs, Inc.*, 230 F.3d 439, 444-45 (1st Cir. 2000) (refusing to address whether § 524 implies a right of action, because, in the First Circuit's view, a bankruptcy court's contempt power under § 105(a) offers sufficient remedies).

Moreover, the Sixth Circuit in *Pertuso* and the Ninth Circuit in *Walls*, in separate sections of those opinions, rejected the argument that § 105(a) authorizes private causes of action to remedy bankruptcy discharge violations. *See Walls*, 276 F.3d at 507 (reasoning that to add this remedy to § 105(a) would be an act of legislating); *Pertuso*, 233 F.3d at 423 (same).[3] We agree

_____

[3] Contrary to the suggestion in *Pertuso*, 233 F.3d at 423 n. 1, we do not read *Bessette* as supporting the proposition that § 105(a) can bootstrap private causes of action from Bankruptcy Code provisions that do not otherwise provide this remedy. *Bessette* was an appeal from a district court sitting in bankruptcy, and we view *Bessette's* holding simply to be that § 105(a) contempt proceedings grounded in § 524 do not have to be brought in the same court that issued the original discharge order. *See Bessette*, 230 F.3d at 446. Indeed, *Bessette* observed, "[Section] 105 does not itself create a private right of action, but a court may invoke § 105(a) 'if the equitable remedy utilized is demonstrably necessary to preserve a right elsewhere provided in the Code... .'" *Id*. at 444-45 (citation omitted). Consistent with this reading of *Bessette*, in *Walls* the

with the reasoning of these cases, and see no reason why the rule should be different for actions asserted under § 506(b) rather than § 524. The essence of the complaint is the same regardless of when the alleged violation was disclosed: The mortgagee purposely omitted post-petition, pre-confirmation attorney fees from its proof of claim and then asserted that the fees were part of its secured interest at a time when the mortgagor was in no position to contest their reasonableness. Whether the asserted security interest, which arose before confirmation, was disclosed in the interim between confirmation and discharge (invoking §506(b)), or after discharge (invoking both §§ 506(b) and 524(a)(2)), has no bearing in determining whether § 105(a) authorizes an independent cause of action in District Court. Thus, we conclude that the decisions holding that § 105(a) does not authorize separate lawsuits as a remedy for bankruptcy violations, though established in the § 524 context, are equally applicable when the underlying complaint is grounded in § 506(b).

## III. Conclusion

Because § 105(a) of the Bankruptcy Code does not afford debtors a private cause of action to remedy alleged violations of

Ninth Circuit noted that the district court in that case had referred the § 105(a) contempt proceeding to the bankruptcy court while rejecting the plaintiff's argument that §§ 524 and 105(a) create a private right of action. *Walls*, 276 F.3d at 506-07.

11

§ 506(b), we will affirm the District Court's order granting ABN's motion to dismiss.