**In re ARGOSE, INC., Debtor.**

**No. 04–12533 (MFW).**

United States Bankruptcy Court,
D. Delaware.

Oct. 19, 2007.

Steven K. Kortanek, Womble Carlyle Sandridge & Rice, PLLC, Wilmington, DE, for Debtor.

Shannon D. Leight, Esquire Ciardi & Ciardi P.C., Wilmington, DE, for Trustee.

### *MEMORANDUM OPINION* [1]

MARY F. WALRATH, Bankruptcy Judge.

Before the Court is the chapter 7 Trustee's Motion for Reconsideration of this Court's Order entered on August 6, 2007, denying the Trustee's Motion for Entry of an Order Modifying Final Order Approving the Stipulation Authorizing Chapter 7 Trustee to Use Cash Collateral and Agreement for Liquidation of Debtor's Collateral and Approving Limited Notice (the "Modi-

---

1. This Opinion constitutes the findings of fact and conclusions of law of the Court pursuant to Rule 7052 of the Federal Rules of Bank- ruptcy Procedure, which is made applicable to contested matters by Rule 9014.

fication Motion"). For the reasons set forth below, the Reconsideration Motion and Modification Motion will be granted.

## I. BACKGROUND

The factual background to the Modification Motion is detailed in the Memorandum Opinion accompanying the Order denying that Motion and will only be repeated here as necessary.

Argose, Inc. (the "Debtor") filed a voluntary petition for relief under chapter 7 of the Bankruptcy Code on September 4, 2004. George L. Miller (the "Trustee") was appointed the chapter 7 Trustee. On December 3, 2004, the Court approved a stipulation between the Trustee and INVESCO Private Capital, Inc. (the "Lender") authorizing the Trustee to use cash collateral to liquidate the Debtor's assets for the benefit of the Lender (the "Stipulation"). The Stipulation provided a carve-out from the Lender's collateral of $50,000 for the Trustee's general counsel fees and $50,000 for the unsecured creditors.

The Court approved the final fee applications of the Trustee's general counsel, which totaled $81,393.50.[2] Even though the allowed fees exceeded the Stipulation's cap, the Trustee paid them.

The Trustee filed the Modification Motion which sought an increase in the cap on general counsel's fees and concomitant reduction in the unsecured creditors' carve-out because of "unanticipated" complexity in the protection, marketing and sale of the assets. After a hearing held on May 9, 2007, the Court denied the Modification Motion because (1) it was unclear why the modification was needed as there appeared to be sufficient funds in the estate to pay the unsecured creditors' carve-out and the

increased counsel fees and (2) there appeared to be no basis for the requested relief.

The Trustee filed the Reconsideration Motion on August 16, 2007, and a hearing was held on September 19, 2007. No objections were filed. The matter is ripe for decision.

## II. JURISDICTION

The Court has jurisdiction over this matter pursuant to 28 U.S.C §§ 1334 & 157(a). This is a core proceeding under 28 U.S.C. § 157(b)(2)(M).

## III. DISCUSSION

### A. Clarification

At the hearing on the Reconsideration Motion, counsel for the Trustee clarified that the relief requested in the Modification Motion is necessary notwithstanding the fact that the estate has more than $52,500 in cash on hand. Counsel explained that, although all professionals have been paid, the Trustee's commission (which statutorily could be as high as $16,165.91) has not been paid. Therefore, counsel contends there would be insufficient funds to pay unsecured creditors the $50,000 carve-out allotted them in the Stipulation with the Lenders.

In addition to clarifying the amount of fees already approved for it, counsel explained that it was not seeking any fees in addition to the $81,393.50 already paid. Counsel noted that the Stipulation provided that the carve-out for general counsel fees of $50,000 "will be renegotiated depending upon the complexity of sale of the Post–Petition Collateral." (Stipulation at § D.4b(b).) That was done when the sale

---

**2.** The original Memorandum Opinion incorrectly stated that counsel fees had been approved in the amount of $77,505.

of the assets of the estate took longer and realized fewer proceeds than anticipated.

Counsel argued that, because the unsecured creditors in the case had not been parties to the Stipulation, they had no expectation of receiving the $50,000 carve-out.

### B. *Modification*

■ Based on the representations of counsel for the Trustee and after review of the Stipulation and record in this case, the Court is convinced that the relief requested in the Trustee's Motions should be granted.

■ In the Stipulation, the Trustee acknowledged that the Lenders had secured claims of approximately $8.3 million as of the filing of this case. (Stipulation at § C.1.) The Court takes judicial notice of the Schedules filed in this case which evidence that there are no priority claims and general unsecured claims total only $155,193.39.

The Stipulation provided for a carve-out of the expenses necessary to administer this case, as well as a recovery for unsecured creditors. At the time, it was anticipated that the assets of the estate would be sold for enough to pay these carve-outs and provide a recovery for the Lenders. Unfortunately, that did not materialize. The principal assets of the estate were sold for only $50,000.

■ The Court has the power under section 105(a) of the Code to modify an order if equity so requires. *See, e.g., In re Marcus Hook Dev. Park, Inc.,* 943 F.2d 261, 265 n. 5 (3d Cir.1991) (holding that the court retains jurisdiction under section 105 to modify sale order under Rule 60(b) if it is appropriate to do so); *In re Olsen,* 861 F.2d 188, 189 (8th Cir.1988) (stating that bankruptcy courts have general authority to change terms of their own orders when

equity so requires); *In re Radco Merch. Servs., Inc.,* 111 B.R. 684, 689 (N.D.Ill. 1990) ("[l]ike a court of equity, the bankruptcy court has the power to amend, modify, or vacate its earlier orders."). Equitable remedies under section 105(a) are limited, however, and should be used only to further the substantive provisions of the Code. *In re Joubert,* 411 F.3d 452, 455 (3d Cir.2005) (following *In re Morristown & Erie R.R. Co.,* 885 F.2d 98, 100 (3d Cir. 1990)); *see also In re Jamo,* 283 F.3d 392, 403 (1st Cir.2002); *United States v. Sutton,* 786 F.2d 1305, 1308 (5th Cir.1986); Lawrence P. King, Collier on Bankruptcy ¶ 105.01[2], at [105–7]–[105–8] (15th ed. rev.2007).

In this case, the Court concludes that a modification will not offend any provision of the Code. Because all the assets of the estate were the collateral of the Lenders and because the Lenders agreed to the use of that collateral in the manner now requested by the Trustee, the Court will grant the Modification Motion and permit the reduction of the anticipated distribution to unsecured creditors in an amount necessary to pay the Trustee's commission as may be approved by this Court.

### IV. *CONCLUSION*

For the reasons stated above, the Trustee's Motion for Reconsideration and Motion for Modification will be granted.

An appropriate order is attached.

### *ORDER*

**AND NOW,** this **19th** day of **OCTOBER, 2007,** upon consideration of the Motion of Chapter 7 Trustee for Reconsideration of the Order denying the Trustee's Motion for Entry of an Order Modifying Final Order Approving the Stipulation Authorizing Chapter 7 Trustee to Use Cash Collateral and Agreement for Liquidation

of Debtor's Collateral and Approving Limited Notice, it is hereby

**ORDERED** that the Motion for Reconsideration is **GRANTED;** and it is further

**ORDERED** that the Motion to Modify is **GRANTED.**

cc: Shannon D. Leight, Esquire [1]

1. Counsel is to serve a copy of this Order and accompanying Memorandum Opinion on all interested parties and file a Certificate of Service with the Court.