**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 16-3156
_____

MILTON THOMAS, SR.,
                              Appellant

v.

CITY OF PHILADELPHIA;
THE SCHOOL DISTRICT OF PHILADELPHIA;
WILLIAM MILLER, U.S. Bankruptcy Trustee

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 2-15-cv-03422)
District Judge:  Honorable Joel H. Slomsky

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
March 15, 2017

Before:  AMBRO, KRAUSE and NYGAARD, <u>Circuit</u> <u>Judges</u>

(Opinion filed: March 16, 2017)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Milton Thomas, Sr., appeals from an order of the United States District Court for the Eastern District of Pennsylvania. As explained below, Thomas's complaint, against defendants the City of Philadelphia, the School District of Philadelphia (together, "the City"), and William Miller, the United States Trustee,[1] alleged that the City was attempting to collect on debts that had been discharged in Thomas's bankruptcy. The City, on the other hand, argued that the discharge did not preclude it from attempting to collect on Thomas's debts, as it had not had proper notice of Thomas's bankruptcy. The District Court dismissed Thomas's complaint, agreeing with the City that a previous decision of the Bankruptcy Court had found that the City had lacked notice of the bankruptcy. Because we conclude that Thomas did not have an opportunity to litigate the Bankruptcy Court's notice finding, we will vacate the District Court's order here and remand for further proceedings.

I.

In 2004, Thomas filed for bankruptcy under Chapter 13 of the federal bankruptcy code. In that proceeding, Thomas filed proofs of claims owed to the City with regard to properties he owned at three addresses: 1618 S. 58th St., 1620 S. 58th St., and 1251 S. Ruby St., all in Philadelphia. On August 26, 2004, the Bankruptcy Court, noting that "there being no answer or appearances by respondent," entered a "cramdown" order with

---

[1] The Court granted Miller's motion to dismiss, and Thomas does not contest that decision on appeal.

respect to the debts on the properties at 1618 S. 58th St. and 1620 S. 58th St.[2]  See In re Thomas, Bankr. E.D. Pa. 04-10175-elf, dkt. #54.  On September 3, 2009, Thomas received a discharge after completing the Chapter 13 plan.  Id. at dkt. #129.

In 2013, Thomas filed a complaint alleging in part that U.S. Bank,[3] in trying to collect taxes due for the years 1992-1996 on the property he owned on Ruby Street in Philadelphia, "violated the terms of his Chapter 13 Plan," since the debt "had been fully paid through his Confirmed Plan."  In re Thomas, 497 B.R. 188, 203 (Bankr. E.D. Pa. 2013) ("the 2013 decision").  The Bankruptcy Court noted that a "secured creditor's continued attempt to collect a debt that was fully paid through a confirmed chapter 13 trustee may run afoul of both 11 U.S.C. § 1327(a)[4] and § 1327(c)[5]," and determined that a bankruptcy court can enforce those provisions through 11 U.S.C. § 105(a), which allows it to "issue any order, process, or judgment that is necessary or appropriate to carry out

---

[2] "The term 'Cram Down' refers to the process under § 1325(a)(5)(B)(i) whereby a chapter 13 plan may be confirmed without the consent of secured creditors."  First Fid. Bank v. McAteer, 985 F.2d 114, 116 n.1 (3d Cir. 1993).

[3] The taxes were originally owed to the City, but the City had transferred the debt to the Philadelphia Authority for Industrial Development, which in turn had transferred the debt to Wachovia Bank, the predecessor of U.S. Bank.

[4] "The provisions of a confirmed plan bind the debtor and each creditor, whether or not the claim of such creditor is provided for by the plan, and whether or not such creditor has objected to, has accepted, or has rejected the plan."  11 U.S.C. § 1327(a).

[5] "Except as otherwise provided in the plan or in the order confirming the plan, the property vesting in the debtor under subsection (b) of this section is free and clear of any claim or interest of any creditor provided for by the plan."  11 U.S.C. § 1327(c).

3

the provisions" of the bankruptcy law. Id. at 204. The Bankruptcy Court held that U.S. Bank had not violated the discharge injunction for two reasons. "First, no party—neither the Debtor nor the City—filed a proof of claim for the 1992-96 tax claim secured by the Ruby Street Property" in the bankruptcy action, and it was thus not "an allowed secured claim" that was discharged by the bankruptcy plan. Id. at 204-05. Second, the Bankruptcy Court held that "[a]ny claim under 11 U.S.C. § 1327 must fail for an additional, independent reason—the City (and by extension, U.S. Bank) cannot be bound by the Confirmed Plan due to lack of notice." Id. at 205. The Bankruptcy Court stated that "the record reflects that [Thomas] did not serve the City with any of his proposed chapter 13 plans prior to confirmation of the Confirmed Plan," as required by Local Bankruptcy Rule 3015-1(b) and 3015-2(a)(1). Id. The Bankruptcy Court "conclude[d] that the Confirmed Plan is not enforceable against the City for lack of notice," and then held that U.S. Bank, as the eventual assignee of the City, similarly would not be bound by the Confirmed Plan due to lack of notice. Id. at 206.[6]

## II.

As noted, the District Court here determined that the 2013 decision precluded Thomas's current claims against the City. Thomas has timely appealed that decision. The City, which argued in the District Court that *claim* preclusion applied, has changed

---

[6] After the Bankruptcy Court resolved claims involving other defendants, Thomas appealed to the District Court, but his appeal was dismissed on a procedural issue. See Thomas v. City of Philadelphia, E.D. Pa. Civ. No. 13-cv-6049 (order entered Oct. 22, 2013).

course here--it now argues that *issue* preclusion operated to bar Thomas's current claims. We agree with the City that claim preclusion does not apply here, but we also conclude that issue preclusion does not apply in this case.

Because the 2013 decision was issued by a federal court, we apply federal common law principles to determine if the decision is preclusive. See Peloro v. United States, 488 F.3d 163, 175 (3d Cir. 2007).[7] Claim preclusion "foreclose[es] successive litigation of the very same claim," while issue preclusion "ordinarily bars relitigation of an issue of fact or law raised and necessarily resolved by a prior judgment." Bravo-Fernandez v. United States, 137 S. Ct. 352, 357, 358 (2016). As the City concedes, "the litigation before [the bankruptcy judge] did not concern the same occurrence as this litigation." Appellees' Brief at 7. Because the suit did not involve "the very same claim," we agree that claim preclusion does not apply.

Issue preclusion would apply if: "(1) the issue sought to be precluded [is] the same as that involved in the prior action; (2) that issue [was] actually litigated; (3) it [was] determined by a final and valid judgment; and (4) the determination [was] essential to the prior judgment." Peloro, 488 F.3d at 175. In order to apply issue preclusion as a defense, "the party to be precluded must have had a 'full and fair' opportunity to litigate the issue in the first action." Id. As discussed, the Bankruptcy Court determined in the 2013 decision that the City did not have notice of the 2004 bankruptcy, and thus that the

---

[7] We exercise de novo review over a district court decision granting a motion to dismiss on the basis of preclusion. Metro. Edison Co. v. Pa. Pub. Util. Comm'n, 767 F.3d 335,

5

discharge injunction should not apply to it. However, we find that Thomas did not have a full and fair opportunity to litigate that issue, and that the issue of notice to the City was not essential to the prior judgment.

Recall that the issue in the 2013 decision was whether U.S. Bank could collect delinquent taxes due on the Ruby Street property for the years 1992 to 1996. In its motion to dismiss in that action, U.S. Bank argued that "only tax years 1998 up to and including 2004 were paid through bankruptcy," and that "U.S. Bank was not included in the bankruptcy." Bankr. E.D. Pa. 13-00029-elf, dkt. #5 at 2. U.S. Bank did *not* argue that it (or its assignor, the City) failed to receive notice of the 2004 bankruptcy. Indeed, as quoted above, it argued that certain claims against the City *were discharged* by the bankruptcy. Thomas had no reason to suspect that the Bankruptcy Court would sua sponte raise the issue of notice in its decision; he thus lacked a full and fair opportunity to litigate the issue in that proceeding.

Also, determination of the notice issue was not essential to the 2013 decision. The Bankruptcy Court's determination that there had been no proof of claim for the 1992-96 tax claim on the Ruby Street Property, and that the terms of the plan did not otherwise provide for that debt, were independent and sufficient reasons for denying Thomas's complaint. As Thomas did not have a full and fair opportunity to litigate the notice issue, and as that issue was not essential to the 2013 decision, the District Court should not have found the 2013 decision to be preclusive of Thomas's current claims.

350 n.19 (3d Cir. 2014).

We will therefore vacate the District Court's decision and remand for further proceedings. The District Court should decide anew, in the context of Thomas's current complaint, and after providing the parties with notice and an opportunity to be heard, whether the City had sufficient notice of Thomas's bankruptcy. See United Student Aid Funds, Inc. v. Espinosa, 559 U.S. 260, 272 (2010) ("Due process requires notice 'reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.'") (quoting Mullane v. Cent. Hanover Bank & Trust Co., 339 U.S. 306, 314 (1950)).[8] If the District Court determines that the City had notice of the 2004 bankruptcy, then it will decide what effect, if any, the discharge had on the matters in Thomas's current complaint.

---

[8] Thomas argues here that the City received a number of notices from the Bankruptcy Court during his bankruptcy proceedings, and it appears that the City did file a claim in the proceeding, albeit a late one. We leave it to the District Court to decide, in the first instance, whether those notices were constitutionally sufficient. See In re Blendheim, 803 F.3d 477, 498 (9th Cir. 2015) ("It bears emphasis that all that is constitutionally required for adequate notice is information sufficient to alert a creditor that its rights *may* be affected."); see also United Student Aid Funds, Inc., 559 U.S. at 272 (failure to comply with rules of Bankruptcy Court not dispositive of due process claim).