**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————————

No. 17-3042 & 17-3089

———————————

MILTON THOMAS, SR.,

Appellant in 17-3042

v.

CITY OF PHILADELPHIA; THE SCHOOL DISTRICT OF PHILADELPHIA;
WILLIAM MILLER, U.S. BANKRUPTCY TRUSTEE

City of Philadelphia; The School District of Philadelphia,

Appellants in 17-3089

———————————

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(Civil Action No. 2-15-cv-003422)

———————————

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
on July 9, 2018

Before: McKEE, VANASKIE*, and SILER**, *Circuit Judges*

(Opinion filed January 3, 2019)

---

* The Honorable Thomas I. Vanaskie participated in the decision in this case. Judge Vanaskie retired from the Court on January 1, 2019 after the submission date, but before the filing of the opinion. This opinion is filed by a quorum of the panel pursuant to 28 U.S.C. § 46(d) and Third Circuit I.O.P. Chapter 12.

** Honorable Eugene E. Siler, Jr. Senior Circuit Judge for the Sixth Circuit Court of Appeals in Kentucky, sitting by designation.

———————

OPINION[***]

———————


McKEE, *Circuit Judge*

This appeal and cross appeal arise from the District Court's order denying a motion for judgment on the pleadings filed by the City of Philadelphia and the School District of Philadelphia and awarding a monetary sanction to the plaintiff, Milton Thomas, Sr. The dispute arose from the City's efforts to collect delinquent taxes on rental properties owned by Thomas. The court imposed the sanction based upon its conclusion that the City's efforts to collect those taxes by a Sheriff Sale violated a discharge injunction that had been entered in Thomas' bankruptcy proceedings pursuant to 11 U.S.C. § 524. For the reasons that follow, we will reverse.

The defendants first argue that the District Court lacked subject matter jurisdiction to resolve the underlying dispute. In *In re Joubert*, we considered whether 11 U.S.C. §105(a) grants a private cause of action to plaintiffs suing to recover for a violation of § 506(b).[1] Analogizing § 506(b) to §524 we held that the "lone remedy is a contempt proceeding pursuant to §105(a) in bankruptcy court."[2] Moreover, we have cautioned that

———————

[***] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.
[1] *In re Joubert*, 411 F.3d 452 (3d Cir. 2005)
[2] *Id*. at 455

2

§105(a) has limited scope, supplementing "specifically enumerated bankruptcy powers by authorizing orders necessary or appropriate to carry out provisions of the Bankruptcy Code."[3]

Although we appreciate that the District Court may have been appropriately concerned about the convenience of this *pro se* plaintiff, that does not empower the court to act beyond the statutory parameters of the bankruptcy process. While §105(a) is both a powerful and versatile tool, it operates solely within the context of bankruptcy proceedings.[4] In *In re Morristown,* we held that §105(a) "authorizes the bankruptcy court, or the district court sitting in bankruptcy, to fashion such orders as are required to further the substantive provisions of the Code."[5] But §105(a) does not give "the court the power to create substantive rights that would otherwise be unavailable under the Code."[6]

The District Court correctly noted, "Defendants had multiple opportunities to argue the Court does not have jurisdiction, yet raised it only after the Third Circuit remanded this action for [the District Court] to 'decide anew, . . . whether the City had sufficient notice of Thomas's bankruptcy.'"[7] However, it is axiomatic that federal courts must always assure themselves that they have subject matter jurisdiction, and that jurisdiction can be challenged at any time during the life of a case. Accordingly, the

---

[3] *In re Continental Airlines, 203 F.3d 203, 211 (3d. Cir. 2000)*
[4] *In re Morristown & Erie Railroad Co*., 885 F.2d 98 (3d Cir. 1990)
[5] *Id.* at 100
[6] *Id.*
[7] *Thomas v City of Philadelphia*, 682 F. App'x 174, 177-78 (3d Cir. 2017)

timing of the challenge to the court's jurisdiction was irrelevant and remains irrelevant to any inquiry into the court's authority to act.

The District Court incorrectly relied on *In re Motichko*, in concluding that it did have subject matter jurisdiction and could sanction the defendants for violating the bankruptcy injunction.[8]  The Court explained that the approach taken there allows "a court discretion to resolve a matter using the most appropriate procedure."[9] However, the question in *In re Motichko* was not one of subject matter jurisdiction.  Rather, the court was faced with a 12(b)(6) motion to dismiss a complaint that the plaintiff/debtor had filed seeking damages for a violation of the bankruptcy injunction that arose pursuant to 11 U.S.C. § 524.  The bankruptcy court noted that § 524 did not provide a private right of action but that  a court could regard such a violation as contempt pursuant to the "inherent . . . statutory powers under 11 U.S.C. § 105(a)."[10]  The court held that it could impose a sanction for contempt even though a party sought to recover damages as long as the injured party could establish that the defendant had violated the bankruptcy injunction. Significantly, the court also noted that suits for alleged violations of § 524 "generally involve jurisdictional issues," and it cited *Pertuso v. Ford Motor Credit Co.* in observing that courts had dismissed such suits where they were brought "outside [of] the bankruptcy court where the discharges were  granted."[11] That is, of course, the situation here.

---

[8] 395 B.R. 25, 28 (Bankr. N.D. Ohio 2008)
[9] App. 12
[10] *In re Motichko* at 29.
[11] *Id.* at 30 (citing *Pertuso v. Ford Motor Credit Co.,* 233 F.3d 417, 420 (6th Cir. 2000).

Moreover, in *In re Joubert* we stated our agreement with those courts that have held that "§ 105(a) does not authorize separate lawsuits as a remedy for bankruptcy violations, though established in the § 524 context. . . .". [12] Thus, the matter is settled. Any sanction for violating the § 524 injunction must be imposed by the bankruptcy court; the District Court therefore lacked subject matter jurisdiction to sanction the defendants for violating § 524.

If Thomas is to receive any remedy for the City's dereliction, it must be in Bankruptcy Court. However, we take no position on whether that court should grant any relief or sanction in the event that Thomas does file an action there.

For the foregoing reasons the District Court's judgment is vacated.

---

[12] *In re Joubert*, 411 F3d at 456.